UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA LYNN BERRIOS,

          Plaintiff,

vs.
                                      Case No. 6:17-cv-1706-Orl-40JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

          Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

Debra Lynn Berrios ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of depression, anxiety, a sleep disorder, chronic obstructive pulmonary disease, a back injury, "pain on the entire right side," migraines, "bulging dis[c]s," and high blood pressure. See Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed January 17, 2018, at 77, 87, 228 (emphasis omitted). Plaintiff filed an application for DIB on February 25, 2014,

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

alleging an onset date of January 1, 2009. Tr. at 198.² The application was denied initially, Tr. at 77-84, 86, and upon reconsideration, Tr. at 87-97, 98. On January 4, 2017, Plaintiff amended her alleged onset disability date to April 27, 2012. Tr. at 214; see also Tr. at 49.

On February 17, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 47-76. Plaintiff was fifty-five years old on the date of the hearing. See Tr. at 50. On March 27, 2017, the ALJ issued a Decision finding Plaintiff not disabled through the date last insured. Tr. at 11-23.

On July 28, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. Tr. at 1-3. On September 29, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: (1) "Whether the ALJ erred in determining that [Plaintiff] has the residual functional capacity [('RFC')] to perform medium work with some additional limitations after failing to adequately develop the record"; and (2) "[w]hether the ALJ erred in finding that [Plaintiff's] testimony was 'not entirely consistent with the medical evidence' when the record clearly reveals that . . . Plaintiff suffered from impairments causing significant limitations." Memorandum in Support of Plaintiff's Position (Doc. No. 21; "Pl.'s Mem."), filed May 18, 2018, at 5, 10; see Pl.'s Mem. at 5-11. Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") on July 13, 2018.

---

² Although actually completed on February 25, 2014, see Tr. at 198, the protective filing date of the application is listed elsewhere in the administrative transcript as February 7, 2014, see, e.g., Tr. at 77, 87.

After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons discussed below.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-23. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of April 27, 2012 through her date last insured of December 31, 2013." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: lumbar degenerative disc disease/facet arthritis, osteoarthritis of cervical spine and osteoarthritis of right

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

shoulder." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

> The ALJ determined that Plaintiff had the following RFC through the date last insured:
>
> [Plaintiff could] perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except she [was] limited to only occasional balancing, stooping, kneeling, crouching, crawling and climbing of stairs, ramps, ladders, ropes and scaffolds; [and] she [had to] avoid concentrated exposure to work hazards such as unprotected heights and dangerous moving machinery.

Tr. at 17 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that "[t]hrough the date last insured, [Plaintiff] was capable of performing past relevant work" as a nurse assistant. Tr. at 21 (emphasis omitted). The ALJ then proceeded to make alternative findings regarding the fifth and final step of the sequential inquiry. Tr. at 22-23. At step five, after considering Plaintiff's age ("52 years old . . . on the date last insured"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found "there were other jobs that existed in significant numbers in the national economy that [Plaintiff] also could have performed," Tr. at 22, including "[h]and packer," "[l]aundry worker," and "[c]hange house attendant," Tr. at 23. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from April 27, 2012, the alleged onset date, through December 31, 2013, the date last insured." Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of

fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff raises two issues: 1) whether the ALJ developed a full and fair record; and 2) whether the ALJ erred in assessing Plaintiff's testimony and subjective complaints. Pl.'s Mem. at 5-11. These issues are addressed in turn below.

**A. Whether the ALJ Developed a Full and Fair Record**

Plaintiff contends the ALJ failed to develop a full and fair record because he did not order a consultative examination. See id. at 7-9. According to Plaintiff, "it is clear there is not sufficient evidence in the record for the ALJ to make an informed decision regarding [Plaintiff's] condition prior to the date last insured." Id. at 8. Indeed, argues Plaintiff, "the ALJ

note[d] there [was] 'rather minimal treatment prior to the [date last insured].'" Id. at 7 (quoting Tr. at 15). Responding, Defendant asserts that "[t]he ALJ had sufficient information to make a decision, and he was not required to further develop the record." Def.'s Mem. at 7. According to Defendant, "[i]t is wholly unclear what purpose a consultative examination, several years after the date last insured, would accomplish." Id. Defendant contends that "[w]hile the ALJ has a duty to develop a full and fair record, the obligation does not relieve [Plaintiff] of h[er] 'burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim.'" Id. at 6 (quoting Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)).

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he [or she] is disabled, and, consequently, he [or she] is responsible for producing evidence in support of his [or her] claim." Id. (citing 20 C.F.R. § 416.912(a), (c)). While "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281). To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995) (citing Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985)). Prejudice exists if the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence, id. at 935, or if "the ALJ did not consider all of the evidence in the record in reaching his decision," Kelley, 761 F.2d at 1540.

-6-

Upon review, the undersigned finds the ALJ fulfilled his duty to develop a full and fair record, and furthermore, no prejudice resulted from the ALJ's assessment of Plaintiff's limitations based on the record. The evidence in the administrative transcript provided enough information upon which to base the RFC determination. The ALJ clearly considered Plaintiff's medical records in his assessment, including the available medical evidence during the relevant period (April 27, 2012, the alleged onset date, to December 31, 2013, the date last insured). See Tr. at 14-15, 19-20 (ALJ's Decision); Tr. at 377-78, 381-84, 420, 423, 428-32, 436-45, 478-81 (duplicate) (treatment records from April 27, 2012 through August 23, 2013).[4] The ALJ noted that the physical exam findings from this period were "generally unremarkable." Tr. at 20. Plaintiff does not allege that there are existing medical records missing from the administrative transcript.

In any event, Plaintiff has not shown prejudice requiring remand. Had the ALJ ordered a consultative examination, it would have taken place years after Plaintiff's date last insured. Plaintiff does not explain, and it is unclear to the undersigned, how the ALJ's decision not to order a consultative examination—which would have taken place years after the date last insured—prejudiced Plaintiff. Thus, no evidentiary gaps exist in the record, and the ALJ did not commit reversible error in this regard.

**B. Whether the ALJ Erred in Evaluating Plaintiff's Subjective Symptoms**

Plaintiff argues that "the conclusion of the ALJ that . . . Plaintiff is not credible is not supported by substantial evidence in the record, as the ALJ did not articulate findings to support the credibility conclusion." Pl.'s Mem. at 11. According to Plaintiff, the ALJ's

---

[4] Although not specifically discussed at step four of the sequential inquiry, it is clear the ALJ considered the progress notes from April 27, 2012. See Tr. at 14-15 (detailed discussion at step two of April 27, 2012 progress notes).

"credibility determination is still nothing more than boiler plate type language commonly found in Social Security decisions." Id. Responding, Defendant contends that "[t]he ALJ explained that the unremarkable objective medical evidence . . . belies the disabling limitations Plaintiff alleged." Def.'s Mem. at 9 (citation omitted). Defendant asserts that "[t]he ALJ also explained that Plaintiff's own statements about her activities and abilities undermine her complaints of disability before the date last insured." Id. at 10 (citation omitted).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The Administration recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The Administration has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017).[5] "In doing so, [the Administration has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, the ALJ followed SSR 16-3P and found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 20. In reaching this conclusion, the ALJ discussed Plaintiff's function report submitted to the Administration, her testimony at the hearing, and her husband's third-party function report. Tr. at 18, 20-21. The ALJ also

---

[5] There was a prior version of SSR 16-3P in place at the time of the ALJ's Decision. See SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016). The same relevant language quoted in this Report and Recommendation appears in this prior version. See id. at *1.

-9-

discussed the medical evidence predating December 31, 2013, the date last insured. Tr. at 20; see Tr. at 19-20. The ALJ's discussion of Plaintiff's testimony, the function reports, and the medical evidence reflect adequate consideration of the relevant factors, and the ALJ's determination that the effects of Plaintiff's impairments from April 27, 2012 through December 31, 2013 were not as great as Plaintiff alleged is supported by substantial evidence.

### V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**RECOMMENDED**:

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. That the Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 10, 2019.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Paul G. Byron
United States District Judge

Counsel of record